UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CLARENCE L. BARKER, | Civ. No. 09-577 (DWF/JJK) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| DWIGHT FONDREN, Warden, (FCI-Sandstone), | |
| Respondent. | |

Clarence L. Barker, Federal Correctional Institution – Sandstone, P.O. Box 1000, Sandstone, Minnesota, 55072, Petitioner, *pro se.*

Chad A. Blumenfield, Assistant United States Attorney, Suite 600, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the petition of federal prisoner Clarence L. Barker for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the federal Bureau of Prisons, ("BOP"), has wrongly declared him to be ineligible for a sentence reduction under to 18 U.S.C. § 3621(e)(2)(B). Respondent has opposed the petition, contending that (a) the petition should be summarily dismissed, because Petitioner failed to exhaust his administrative remedies, and (b) Petitioner's claim for relief is unsustainable on the merits in any event.

The matter has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For the reasons discussed below, this Court recommends that Petitioner's habeas corpus petition be dismissed without

prejudice.

## BACKGROUND

The underlying facts of this case are not in dispute. In 2007, Petitioner pled guilty to federal criminal charges brought against him in the United States District Court for the District of Nebraska. He was convicted of Possession With Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). Petitioner was sentenced to 57 months in federal prison, to be followed by three years of supervised release. He is currently serving his prison term at the Federal Correctional Institution in Sandstone, Minnesota. His current projected release date is December 24, 2010.

Sometime after Petitioner entered prison, he applied for admission to a drug treatment program sponsored by the BOP. Some prisoners who successfully complete that program are eligible for a reduced sentence under 18 U.S.C. § 3621, which provides that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Three important elements of § 3621(e)(2)(B) are readily apparent. First, only inmates who have been "convicted of a nonviolent offense" are potentially eligible for a reduced sentence upon successful completion of an approved drug treatment program. Second, a prisoner's sentence can never be reduced by more than one year. And third, the BOP is given discretion to decide which statutorily eligible prisoners should actually

2

be granted a sentence reduction. The statute's "may be reduced" language means that even if a prisoner has been convicted of a nonviolent offense, and he has successfully completed a drug treatment program, the BOP still does not necessarily have to reduce his sentence. As explained by the Supreme Court, "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP] . . . has the authority, but not the duty, . . . to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

The BOP has used its discretionary authority under § 3621(e)(2)(B) to designate certain categories of inmates who will never be granted sentence reductions, even if they have been convicted of a nonviolent offense, and even if they successfully complete a drug treatment program. The various categories of prisoners who are deemed ineligible for a reduced sentence, even though they might meet the minimum eligibility standards prescribed by § 3621(e)(2)(B), are defined by the BOP's Program Statement, P.S. 5162.04 and 28 C.F.R. § 550.55.[1] The BOP's policy of categorically

---

[1] 28 C.F.R. § 550.55 (b) provides that:

As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:

    (1) Immigration and Customs Enforcement detainees;

    (2) Pretrial inmates;

    (3) Contractual boarders (for example, State or military inmates);

    (4) Inmates who have a prior felony or misdemeanor conviction for:

    (i) Homicide (including deaths caused by recklessness, but not including deaths caused by negligence or justifiable homicide);

3

barring certain inmates from obtaining reduced sentences under § 3621(e)(2)(B) has been approved by the United States Supreme Court. *Id.* at 243-44.

In this case, Petitioner was *not* convicted of a violent offense, and thus he is not *statutorily* ineligible for a reduced sentence under § 3621(e)(2)(B). However, the BOP

---

> (ii) Forcible rape;
>
> (iii) Robbery;
>
> (iv) Aggravated assault;
>
> (v) Arson;
>
> (vi) Kidnaping; or
>
> (vii) An offense that by its nature or conduct involves sexual abuse offenses committed upon minors;
>
> (5) Inmates who have a current felony conviction for:
>
> (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;
>
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
>
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or
>
> (iv) An offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors;
>
> (6) Inmates who have been convicted of an attempt, conspiracy, or other offense which involved an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section; or
>
> (7) Inmates who previously received an early release under 18 U.S.C. 3621(e).

has determined that Petitioner is nevertheless ineligible for a reduced sentence, because one of his offenses, Felon in Possession of Ammunition, puts him into a category of prisoners who are deemed ineligible for a reduced sentence. As explained by Respondent:

> [Petitioner] has been determined to be ineligible for early release due to his instant conviction of Felon in Possession of Ammunition . . . . Although his offense is not necessarily a crime of violence, it has been categorized at the BOP Director's discretion as an offense that precludes inmates from receiving the early release incentive of 18 U.S.C. § 3621(e)(2)(B).

(Doc. No. 3, Government Resp. to Pet. For Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 at 16; *see also* Doc. No. 4, Decl. of Ann C. Kinyon ("Kinyon Decl.") ¶ 3 ("The records indicate that Petitioner has been deemed ineligible for the early release incentive because of his instant offense for Felon in Possession of Ammunition, which has been determined to be an offense, that in the Director's discretion, shall preclude an inmate from early release under 18 U.S.C. § 3621(e)(2)(b) based on Program Statement 5162.04, Categorization of Offenses.").)

In short, Petitioner is not *statutorily* barred from receiving a reduced sentence under § 3621(e)(2)(B), but he has been *categorically* barred under the BOP's discretionary authority.

Petitioner now claims that the BOP cannot declare him ineligible for a sentence reduction under § 3621(e)(2)(B), based solely on his "Felon in Possession of Ammunition" conviction. He apparently believes that every prisoner who is convicted of a nonviolent offense is automatically eligible for a reduced sentence under § 3621(e)(2)(B). Petitioner contends that he "has not been convicted for a violent offense; therefore, a felon in possession of ammunition cannot preclude his eligibility"

5

for a reduced sentence under § 3621(e)(2)(B). (Doc. No. 1, Petition 7 at § 16A)(2).) According to Petitioner, the BOP's determination that he is categorically ineligible for a reduced sentence is "contrary to the statute." (*Id.*)

Respondent contends that Petitioner's current habeas corpus petition cannot properly be adjudicated on the merits at this time, because he has not exhausted his available administrative remedies for the claims presented in his petition. The Court agrees.

## DISCUSSION

It is well-settled that federal prisoners must exhaust their available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241. *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993); *Leighnor v. Turner*, 884 F.2d 385, 387 (8th Cir. 1989); *Willis v. Ciccone*, 506 F.2d 1011 (8th Cir. 1974);*see also Gallo-Vasquez v. Federal Bureau of Prisons*, Civ. No. 06-1457 (PAM/SRN), 2006 WL 1428128, at *1 (D. Minn. 2006) ("Because Petitioner is challenging the BOP's computation and execution of his sentence, he must first exhaust his administrative remedies.").

Our Court of Appeals has identified four important objectives that are promoted by the exhaustion requirement. First, exhaustion helps to ensure a more complete development of the factual record before the matter is brought into federal court. Second, exhaustion gives the reviewing court the benefit of whatever special knowledge and experience the administrative agency may have to offer. Third, the exhaustion requirement acknowledges the autonomy of administrative agencies, and the authority that Congress has vested in them. Finally, to the extent that claims can be resolved at

6

the administrative level, the exhaustion requirement promotes judicial economy. *See Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976); *see also, McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).

The BOP has provided an administrative remedy process for federal prisoners, which is set forth at 28 C.F.R. §§ 542.10-.19. Those regulations prescribe four steps that must be taken to satisfy the exhaustion requirement: (i) an inmate must first present his claim to an appropriate prison staff member, by submitting a request for informal resolution; (ii) if the claim is not resolved to the inmate's satisfaction, he must then present a formal written Administrative Remedy Request (Form BP-9), to a designated prison official; (iii) if the prisoner is not satisfied with the response to his Administrative Remedy Request, he must appeal to the apposite BOP Regional Director (Form BP-10); and (iv) if the prisoner is still dissatisfied, he must take a final appeal to the General Counsel in the Central Office (Form BP-11). To fully exhaust his administrative remedies, a federal prisoner must complete each of these four steps.

In this case, Respondent has shown (without rebuttal), that Petitioner has failed to exhaust the administrative remedies provided by the BOP. (Kinyon Decl. ¶ 4 at Attach. F.) Moreover, this Court finds no valid reason to excuse Petitioner from the exhaustion of administrative remedies requirement. To the contrary, it is particularly appropriate in this case to require Petitioner to exhaust his administrative remedies before seeking federal habeas corpus relief, because the case presents two issues for which a more complete administrative record may prove especially useful.

First, the current record does not clearly show why Petitioner was deemed to be categorically ineligible for a reduced sentence. Respondent contends that Petitioner

7

was determined to be ineligible for a sentence reduction pursuant to P.S. 5162.04, but the current record does not identify the *specific part* of P.S. 5162.04 (or 28 C.F.R. § 550.55), on which that determination was based.

Section 7 of P.S. 5162.04 indicates that a prisoner is categorically ineligible for a sentence reduction if his "current offense is a felony that . . . involved carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive devise) . . . ." (Kinyon Decl. ¶ 3 at Attach. D, at 9.)[2]  This part of the Program Statement, on its face, does not specifically mention "ammunition." Therefore, it is not self-evident that this part of the Program Statement causes Petitioner to be categorically ineligible for a reduced sentence based on his "Felon in Possession of Ammunition" conviction.  If the BOP relied on this part of the Program Statement to determine Petitioner's eligibility for a reduced sentence, then the record should show why it has been applied to Petitioner, even though it does not specifically refer to "ammunition."  If, on the other hand, the BOP's determination was based on some other part of the Program Statement, then that part should be specifically identified.

In addition, the current petition arguably raises an equal protection issue that has not undergone administrative review.  Petitioner's explication of his current habeas claim includes an obscure assertion that "[a] similarly situated defendant here in Sandstone was deemed eligible for the § 3621(e)(2)(B) Early Release Benefit for a charge similar to the petitioner's offense." (Petition 7 at § 16A)(2).)  It is unclear whether Petitioner actually intended this assertion to be a separate ground for relief

---

[2]  Similar language appears in 28 C.F.R. § 550.55(b)(5)(ii).  *See supra* note 1.

based on the Fourteenth Amendment's Equal Protection Clause. If that is Petitioner's intent, then the BOP should be given an opportunity to address that claim under the administrative remedy process.

In sum, it appears to this Court that there are two important issues in this case that have not yet been addressed under the BOP's administrative remedy procedures:

(1) What specific provision of P.S. 5162.04 caused Petitioner to be declared ineligible for a sentence reduction, and is that provision legally applicable to Petitioner's circumstances?

(2) Is Petitioner attempting to raise an equal protection claim, and if so, is that claim meritorious?

Neither of these two issues can properly be resolved based on the limited record presented here. If Petitioner had raised these issues under the BOP's administrative remedy process, as required by federal case law, then there presumably would be a more complete record for this Court to review. Because Petitioner did not pursue his available administrative remedies, he has deprived this Court (as well as himself and the BOP) of a complete record in this case.

## CONCLUSION

This Court recommends that this action be summarily dismissed, because Petitioner failed to satisfy the exhaustion of administrative remedies requirement. However, it recommends that the action be dismissed without prejudice, so that Petitioner can attempt to exhaust his administrative remedies, and then file a new habeas corpus petition – if necessary – after he has met the exhaustion requirement.

If Petitioner elects to pursue the BOP administrative remedy process, he will

have to make sure that he clearly identifies and explains *each specific ground* for relief that he is attempting to raise.³ The BOP will then have an opportunity to address Petitioner's claims at each level of the administrative remedy process. If Petitioner's claims are addressed to his satisfaction, then no future judicial review will be necessary. If Petitioner is not satisfied with the outcome of the administrative remedy process, he can commence a new habeas corpus action, and his claims can then be reviewed with the benefit of a more complete record.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), be **DENIED**; and

(2) This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: August 17, 2009

    *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

---

³ Petitioner's current habeas petition does a very poor job of explaining why he believes he should be eligible for a reduced sentence under § 3621(e)(2)(B). Petitioner seems to be claiming that an inmate can never be declared ineligible for a reduced sentence under § 3621(e)(2)(B) if he meets the minimum statutory qualification – i.e., if he has been convicted of a non-violent offense. However, the Supreme Court squarely rejected that proposition in *Lopez*. If Petitioner is actually attempting to raise either or both of the issues discussed in this Report and Recommendation, then he has failed to clearly identify those issues in his petition, and he has failed to explain why those issues should be resolved in a manner that would entitle him to a writ of habeas corpus. Petitioner will have to cure those deficiencies if he continues his quest for a reduced sentence.

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 31, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.